IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALLAN HAWLEY § | |
| § | A-13-CV-1034-LY |
| V. § | (A-05-CR-116-LY) |
| § | |
| UNITED STATES OF AMERICA § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Allan Hawley's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. # 117), the Government's Response (Dkt. # 121), and Movant's Reply (Dkt. # 125), and the Parties' Advisories to the Court (Dkt. # 126-29). The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. GENERAL BACKGROUND**

On June 7, 2005, Allan Hawley ("Hawley") was indicted for a violation of 18 U.S.C. § 922(g)(1) – felon in possession of a firearm. The United States filed a Notice of Intent to seek enhancement of his sentence, pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on Hawley's previous federal conviction in the Western District of Texas for bank robbery, false statement to obtain a firearm, felon in possession of a firearm, and carrying a firearm during a crime of violence (A-93-CV-062 SS), and his previous seven state court convictions. See Dkt. # 34. After a jury trial, Hawley was convicted of violating 18 U.S.C. § 922(g)(1).

On April 24, 2006, the District Court applied the enhancement under the ACCA and sentenced Hawley to 240 months imprisonment, followed by a five-year term of supervised release, and a $100 mandatory assessment fee. See Judgment and Commitment Order (Dkt. # 31). Hawley filed a direct appeal of his conviction and sentence challenging the District Court's admission of certain evidence and application of the enhancement under the ACCA. The Fifth Circuit affirmed his conviction and sentence. *See United States v. Hawley*, No. 06-50510 (5th Cir. Feb. 21, 2008). Hawley has now filed the instant Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that in light of the Supreme Court's decision in *Descamps v. United States*, — U.S. —, 133 S.Ct. 2276, 2281 (2013), his sentence was improperly enhanced under the ACCA.

## II. ANALYSIS

The Court is unable to address the merits of Hawley' § 2255 Motion because it is time-barred under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Section 105 of the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for filing a § 2255 motion in federal court. Section 2255, amended by § 105(2) of the AEDPA, provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (4) the date on which the facts supporting the claim or claims could
>    have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When a defendant files a timely notice of appeal, a judgment of conviction becomes final for purposes of § 2255(f)(1) on the date of the Supreme Court's denial of a petition for writ of certiorari. *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000). When such a petition for writ of certiorari has not been filed, as in this case, the judgment becomes final upon the expiration of the 90-day period for filing such a petition. *Clay v. United States*, 537 U.S. 522, 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000). The time in which Hawley could have petitioned for certiorari expired on May 21, 2008, 90 days after entry of the Fifth Circuit's Judgment. *See* SUP. CT. R. 13(1). Therefore, under the AEDPA, Hawley was required to file a § 2255 motion on or before May 21, 2009. Hawley, however, did not file the instant § 2255 motion until December 2, 2013, more than four years past the deadline.

Hawley argues that his Motion is timely under § 2255(f)(3), which allows motions to be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Hawley argues that his § 2255 Motion has been filed within one year of the Supreme Court's decision in *Descamps v. United States*, — U.S. —, 133 S.Ct. 2276, 2281 (2013). The Supreme Court has unequivocally stated "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The Supreme Court has not declared *Descamps* to be retroactively applicable to cases on collateral review and, therefore, Hawley cannot

rely on § 2255(f)(3) to toll the statute of limitations.  *See Whittaker v. Chandler*, 2014 WL 2940449, at *1 (5th Cir. July 1, 2014) (holding in the context of the savings clause that *Descamps* is not a retroactively available Supreme Court decision); *Romero-Coronado v. United States*, 2014 WL 3795952, at *3 (N.D. Tex. Aug. 1, 2014) (finding that *Descamps* does not apply retroactively on collateral review and thus § 2255(f)(3) was inapplicable to movant and motion was timebarred); *Reeves v. United States*, 2014 WL 3513196, * 2 (W.D. Tex. July 11, 2014) ("The Supreme Court did not hold the rules announced in either *Alleyne* or *Descamps* apply retroactively to cases on collateral review, and Reeves therefore cannot take advantage of §2255(f)(3)").  Accordingly, *Descamps* does not toll the statute of limitations in this case and Hawley's § 2255 Motion must be dismissed as time-barred.

### III.  RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **DISMISS** Allan Hawley's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Dkt. # 117) as time-barred under the AEDPA.

### IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error,

shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V.  CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 10th day of October, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE